# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **CHRISTOPHER WEATHERSBY** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 08-3729** |
| **STATE OF LOUISIANA** | * | **SECTION "S"(6)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C.

§ 2254(e)(2).[1] Therefore, for the following reasons, IT IS RECOMMENDED that petitioner's federal application be DENIED WITH PREJUDICE.

Background Facts and Procedural History

Petitioner, Christopher Weathersby, is a state prisoner who was incarcerated at the David Wade Correctional Center, Homer, Louisiana at the time he filed this petition. He subsequently informed the court of his transfer to the Natchitoches Parish Detention Center in Natchitoches, Louisiana.[2] He filed the instant federal habeas petition with this court on or about June 2, 2008, raising the claim that his convictions for attempted armed robbery and for aggravated battery violate the Double Jeopardy Clause of the U.S. Constitution. The State filed a response on November 7, 2008, conceding that the claim being raised in Weathersby's federal petition is timely filed. The State, however, urges this court to deny Weathersby's claim of double jeopardy as being without merit.

The record reflects that on October 20, 2003, Weathersby pled guilty to 1 count of aggravated battery and one count of attempted armed robbery.[3] Petitioner was sentenced

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination. According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

[2] See Rec. Doc. 10.

[3] Petitioner was charged with 1 count of attempted first degree murder and 1 count of attempted armed robbery but as part of his plea agreement pled to the charges noted above.

for his crimes on March 3, 2004, to a term of ten years for the aggravated battery and to a term of ten years for the attempted armed robbery, each sentence to run consecutively.[4] Weathersby did not take an appeal but instead began filing for post-conviction relief commencing on March 24, 2004.[5] Petitioner filed several post-conviction applications with the state trial court between March of 2004 and March of 2007 but only appealed the trial court's rulings to the highest state court in two applications for supervisory review. One, Writ No. 2006-KH-80, was filed with the Louisiana Supreme Court on or about August 9, 2005 and another, Writ No. 2007-KH-1454, was filed with that court on or about July 3, 2007.[6] Writ No. 2006-KH-80 was denied on June 16, 2006 based upon La. Code of Crim. P. art. 930.3 and *State ex rel. Melinie v. State*, 665 So.2d 1172 (La. 1996).[7] The second writ,

---

[4] See Transcript of Sentence, State Rec. Vol. 1.

[5] See Post Conviction Application and Motion to Reconsider filed March 24, 2004, State Rec. Vol. 1.

[6] Writ No. 2006-KH-80 was filed with the Louisiana Supreme Court on January 11, 2006 but was postmarked as of August 9, 2005. Writ No. 2007-KH-1454 was filed on July 13, 2007, having been post-marked on July 3, 2007. The court notes that a third writ, No. 2008-KH-2837, was filed with the Louisiana Supreme Court on April 24, 2009 but was transferred to the state appellate court pursuant to *State v. Cordero*, 993 So.2d 203 (La. 2008). As of the issuance date for this Report and Recommendation, a decision had not yet been rendered on the latest writ application.

[7] Petitioner originally filed a Motion for Reconsideration of Sentence with the trial court on Feb. 11, 2005, which apparently was treated as a post-conviction pleading. Therein, petitioner complained that the trial court failed to consider several mitigating circumstances and his first offender status prior to imposing a consecutive sentence upon him. The motion was denied by the trial court as repetitive. This ruling was then appealed to the Louisiana Court of Appeal, Fifth Circuit (Writ No. 05-KH-444) and to the Louisiana Supreme Court (Writ No. 2006-KH-0080).

No. 2007-KH-1454, was denied on April 18, 2008 on the basis of La. Code of Crim. P. art 930.8 and *State ex rel. Glover v. State*, 660 So.2d 1189 (La. 1995).[8]

Analysis

Based upon the claim raised in Writ No. 2007-KH-1454, petitioner has presented his claim of double jeopardy, the sole claim before this court, to the highest state court as is required for exhaustion purposes. Federal law is clear that a state prisoner must exhaust available state court remedies as to each ground upon which he claims entitlement to habeas corpus relief. 28 U.S.C. § 2254(b)(1); *Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198 (1982); *Preiser v. Rodriguez*, 411 U.S. 475, 93 S. Ct. 1827 (1973); *Serio v. Members of the Louisiana Board of Pardons*, 821 F. 2d 1112, 1117 (5th Cir. 1987). A total exhaustion rule promotes comity and such a rule does not unreasonably impair a prisoner's right to relief. *Rose*, 455 U.S. at 522, 102 S. Ct. at 1205.

Petitioner, however, raised his double jeopardy claim to the highest state court in an untimely fashion, failing to comply with Louisiana Code of Civil Procedure Art. 930.8. Therefore, the state courts were not able to address petitioner's claim on the merits. Generally, the exhaustion requirement is satisfied only when the grounds urged in a federal petition were previously presented to the state's highest court in a procedurally proper manner. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988). See also, *Anderson v. Johnson*,

---

[8]Therein, petitioner raised the claim that his convictions and sentences violated double jeopardy under the U.S. Constitution and the Louisiana Constitution, the same claim he is attempting to raise in his federal habeas petition.

338 F.3d 382 (5th Cir. 2003), citing *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *Picard v. Connor,* 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971) (To satisfy the exhaustion requirement, "a habeas petitioner must have fairly presented the substance of his claim to the state courts.")   Moreover, a federal court will not review a question of federal law decided by a state court if the decision of that state court rests on a state ground that is both independent of the merits of the federal claim and adequate to support that judgment. *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir.), *cert. denied*, 516 U.S. 1005, 116 S.Ct. 557, 133 L.Ed.2d 458 (1995), *citing Harris v. Reed*, 489 U.S. 255, 262, 109 S.Ct. 1038, 1043, 103 L.Ed.2d 308 (1989).  This "independent and adequate state law" doctrine applies to both substantive and procedural grounds and affects federal review of claims that are raised on either direct or habeas review.  *Amos*, 61 F.3d at 338 (citations omitted).  As explained in *Coleman v. Thompson*, 501 U.S. 722, 730-31, 111 S.Ct. 2546, 2554, 115 L.Ed .2d 640 (1991): "In the habeas context, the application of the independent and adequate state ground doctrine is grounded in concerns of comity....  Without the rule, ... habeas would offer state prisoners whose custody was supported by independent and adequate state grounds ... means to undermine the State's interest in enforcing its laws."

In order to fulfill the independence requirement of the above-described doctrine, the last state court rendering a judgment in the case must "clearly and expressly" indicate that its judgment is independent of federal law and rests on a state procedural bar.  *Amos,* 61 F.3d at 338; *Harris*, 489 U.S. at 263, 109 S.Ct. at 1043.  When the last state court judgment does

not indicate whether it is based on procedural default or the merits of a federal claim, the federal court will presume that the state court has relied upon the same grounds as the last **reasoned** state court opinion. *Ylst v. Nunnemaker***,** 501 U.S. 797, 802, 111 S.Ct. 2590, 2594, 115 L.Ed.2d 706 (1991) (emphasis added).

In this case, the last state court to address petitioner's double jeopardy claim was the Louisiana Supreme Court in Writ No. 2007-KH-1454. That court's decision clearly and expressly relied upon the case of *State ex rel. Glover v. State,* 660 So.2d 1189 (La. 1995) and Louisiana Code of Criminal Procedure art. 930.8 when it denied relief. Therefore, petitioner has procedurally defaulted his claim of double jeopardy.[9]

"Procedural default, standing alone, does not always justify a dismissal of the habeas corpus petitioner's claims. Procedural default may be excused upon a showing of cause and prejudice or that application of the doctrine will result in a fundamental miscarriage of justice." *Id.* at 359, citing *Coleman v. Thompson*, 501 U.S. 722, 748-50, 111 S.Ct. 2546, 115 L.Ed. 2d 640 (1991). To establish "cause", Weathersby must demonstrate that some objective factor external to the defense impeded his efforts to comply with the State's procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "The failure to show 'cause' is fatal to the

---

[9]Although the state does not specifically allege procedural default as a defense, it also did not specifically waive the defense. Therefore, the court may raise the issue *sua sponte*. *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir. 1998). **This Report and Recommendation thus provides petitioner with the requisite notice that the court will apply the procedural default doctrine to his claim and his ability to file objections to ths Report and Recommendation within 14 days provides him the opportunity to respond to the claim that procedural default mandates the dismissal of his application.** See *Magouirk*, 144 F.3d at 359.

invocation of the 'cause and prejudice' exception, without regard to whether 'prejudice' is shown." *Hogue v. Johnson*, 131 F.3d 466, 497 (5th Cir. 1997), citing *Engle v. Isaac*, 456 U.S. 107, 134 n. 43 (1982). In the instant matter, petitioner has not demonstrated the requisite cause nor does the record provide a basis for finding "cause", thus the instant claims are procedurally barred unless he can show that a fundamental miscarriage of justice would result. In order to establish a "fundamental miscarriage of justice," a petitioner must "make a persuasive showing that he is actually innocent of the charges against him. Essentially, the petitioner must show that, as a factual matter, he did not commit the crime for which he was convicted." *Finley v. Johnson*, 243 F.3d 215, 200 (5th Cir. 2001) (citations omitted). Petitioner, in this instance, has made no such showing nor can such a showing be made in light of petitioner's guilty plea to the crimes charged. Accordingly, petitioner's application containing a double jeopardy claim should be dismissed based upon procedural default.

Alternatively, petitioner's claim of double jeopardy has no merit. Petitioner claims that the double jeopardy violation in his case is "patent on the face of the record" as his (guilty plea) convictions of attempted armed robbery and aggravated battery "grew from the same incident".[10] A claim of double jeopardy is a question of law. *Shute v. State of Texas*, 117 F.3d 233, 238 (5th Cir. 1997). Therefore, the standard of review set forth by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires this court to defer to the state's court's decision unless that decision is "contrary to, or involved an

---

[10]Rec. Doc. 3 at p. 2.

unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. §2254(d)(1).

The Double Jeopardy Clause of the Fifth Amendment protects against: (1) A second prosecution for the same offense after acquittal; (2) a second prosecution for the same offense after conviction; and, (3) multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *United States v. Nichols*, 741 F.2d 767, 771 (5th Cir. 1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1686, 84 L.Ed.2d 333 (1985).[11] Weathersby, of course, argues that he is being punished twice for the "same" offense.

The United States Supreme Court has established the following test for determining whether two offenses are sufficiently distinguishable to permit punishment on both without violating the Double Jeopardy clause:

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

*Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932).

In applying this rule to the instant matter, it is clear that petitioner was not put in double jeopardy, as attempted armed robbery and aggravated battery each require proof of

---

[11]The Double Jeopardy Clause of the Fifth Amendment is applicable to the States through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794, 89 S.Ct. 2056, 2062, 23 L.Ed.2d 707 (1969).

additional facts which the other does not.[12] The applicable criminal statutes pertaining to petitioner's crimes are as follows:

**La. R.S. 14:33 Battery Defined**

Battery is the intentional use of force or violence upon the person of another.

**La. R.S. 14:34: Aggravated Battery**

Aggravated battery is a battery committed with a dangerous weapon.

**La. R.S. Attempt**

A. Any person who, having the specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.

**La. R.S. 14:64: Armed Robbery**

A. Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.

Based upon these statutory elements, armed robbery required a *taking of anything of value*, which the aggravated battery statute does not require. Moreover, the aggravated battery statute requires the use of force or intimidation *upon the person of another*, an element not required to prove armed robbery. In other words, to prove the battery, the statute required a showing of *physical contact* that is not required for an attempted armed robbery. See *State v. Dauzat*, 392 So.2d 393 (La. 1980)(An essential element of battery which is

---

[12]Once again the court is mindful of the fact that petitioner was originally charged with attempted first degree murder instead of aggravated battery but agreed to plead to the lesser charge.

– 9 –

defined as the intentional use of force or violence upon the person of another, is physical contact, whether injurious or merely offensive).

The facts outlined in the police report which formed the basis of the charges here indicated that the victim (Alsop) reported that the defendant approached him from behind with a sawed-off shotgun and demanded five hundred dollars. Alsop told the defendant that he did not have five hundred dollars and started to hand him his wallet to give him what he had. When another man (a witness) passed by slowly in his vehicle, the defendant was temporarily distracted. Alsop then kicked at the sawed-off shotgun, causing the defendant to back up and fire his weapon, hitting Alsop in the leg. These facts, showing the attempted "taking" required for the attempt armed robbery and the physical, injurious contact to the victim required for the aggravated battery, were sufficient for both crimes to be charged. Since each provision requires proof of an additional fact which the other does not as required by *Blockburger, supra*, petitioner's double jeopardy claim is without merit.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Christopher Weathersby be **DISMISSED WITH PREJUDICE** as procedurally defaulted. Alternatively, the petition should be dismissed on the merits.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 14 days after being served with a copy shall bar that party, except upon grounds of plain error,

from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass' n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[13]

New Orleans, Louisiana, this  14th  day of    September   , 2010.

                                                                                        _____
                                                                                        LOUIS MOORE, JR.
                                                                                        UNITED STATES MAGISTRATE JUDGE

---

[13]*Douglas* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.